THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRANCE M. MASSEY, #168983      \*
          Petitioner
  v.                                    \*  CIVIL ACTION NO. AMD-05-2519

DR. RANDALL S. NERO/DIRECTOR and   \*
THE ATTORNEY GENERAL OF THE STATE
 OF MARYLAND,                      \*
          Respondents
                              \*\*\*\*\*\*

MEMORANDUM

On September 9, 2005, this 28 U.S.C. § 2254 habeas corpus action was received by the Clerk. Petitioner seeks to attack his 1983 conviction for first degree murder in the Circuit Court for Prince George's County, Maryland. Paper No. 1. Petitioner previously raised a § 2254 attack on this conviction in *Massey v. Rosenblatt*, Civil Action No. MJG-02-1195 (D. Md. 2002). On August 6, 2002, that petition was dismissed as time-barred.

28 U.S.C. §2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner may file a second or successive habeas corpus petition only if he or she has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The circuit court must enter an order authorizing the district court to consider any new § 2254 action

filed by petitioner.  28 U.S.C. § 2244(b)(3)(A);[1] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).

As noted, Massey's previous § 2254 petition was dismissed as untimely. There is no showing that the prior dismissal was erroneously entered. Therefore, that determination would still be considered am "adjudication on the merits," making the instant petition successive. *See Villanueva v. United States*, 346 F.3d 55, 60 (2d Cir. 2003), *cert. denied*, 124 S.Ct. 2895 (2004) (Section 2255 motion that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes). There is no showing that petitioner has complied with the aforementioned "gatekeeper" provision.  Therefore, his § 2254 claims for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[2]  By separate Order this petition shall be dismissed without prejudice.

Filed: September 14, 2005                     /s/
                                                                         Andre M. Davis
                                                                         United States District Judge

---

[1] Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[2] The Fourth Circuit has set forth instructions for the filing of a motion to obtain authorization. The procedural requirements and deadlines for filing the motion are comprehensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the procedure to be followed should  petitioner wish to seek authorization to file a successive § 2254 petition.  It is to be emphasized that petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.